TASHIMA, Circuit Judge,
concurring in part and dissenting in part:
I concur in all of the majority opinion, except Part I, as to which I respectfully dissent.
In Part I, the majority interprets 12 U.S.C. § 1825(b)(2) to hold the FDIC liable to the County for penalties arising from the failure to pay property taxes when due-as long as those penalties are secured by a lien.
Section 1825(b)(2) provides that no “involuntary liens [shall] attach to the property of the Corporation.” The majority circumvents this limitation by relying on § 1825(b)’s opening words, which state that the limitations contained in § 1825(b)(2) apply only “[w]hen [the FDIC is] acting as a receiver.” The majority concludes that by the use of the ,term “when,” Congress demonstrated its intent to limit the FDIC’s exemption from prospective liens only to those which were not already in place when it acquired the property, i.e., it reads “when” as imposing a temporal limitation on the FDIC’s exemption. I disagree.
The opening words of the statute— “When acting as a receiver” — do not impose a temporal limitation on the FDIC’s tax liability. In the sense used in the statute, “when” does not indicate time; rather it indicates that the FDIC’s exemption is functionally, as opposed to temporally, limited — to those instances, occasions, and transactions in which it is acting as a receiver, as opposed to those instances, occasions, and transactions in which it is acting in some other.capacity, such as in its corporate capacity. This is in accord with common dictionary definition of “when,” which include “in what circumstances,” as well as “at what time.” Webster’s ThiRD New Int’l DICTIONARY at 2606 (G. & C. Merriam Co.1981).
This reading is buttressed by Congress’ inclusion of § 1825(b)(3). Section 1825(b)(3) states that the FDIC “shall not be liable for any amounts in the nature of penalties or fines, including those arising from the failure to pay any real property ... tax ... when due.” 12 U.S.C. § 1825(b)(3). Thus, because the FDIC cannot be liable for any penalties, regardless of when these penalties accrued, it is axiomatic that the FDIC cannot be made to pay these penalties even if secured by liens.[1] The majority’s reading, however, *1024 renders § 1825(b)(3) effectively meaningless by allowing counties and other taxing authorities to do indirectly what they cannot do directly.
It is common knowledge in the financial community that the FDIC customarily acts in one of two capacities, either as a receiver of a failed bank or in its corporate capacity. Congress was well aware of this and the only sensible reading of § 1825(b) is that Congress intended to preserve and implement this distinction. A reading of the statute as a whole, including all of its subparts, confirms that such is the correct interpretation.
I would thus reverse the bankruptcy court’s disallowance of the FDIC’s claims under § 1825(b).

. A lien is merely a device to secure payment of an underlying debt. If the debt is uncol-lectible, as it is here, then the lien must be extinguished. See Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185, 1190 (9th Cir.1986). Here, § 1825(b)(3) flatly prohibits any claim for col *1024 lection of the penalties. See 12 U.S.C. § 1825(b)(3).